IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL DOUGLAS SPEITEL                                              PLAINTIFF

V.                                   NO. 11-5084

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael Douglas Speitel, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his current application for SSI on September 4, 2007, alleging an inability to work since October 1, 2004, due to Obsessive Compulsive Disorder, Dysthymic Disorder, Tourette's like-symptoms, and currently undiagnosed anxiety disorder. (Tr. 128, 145). An administrative hearing was held on July 22, 2009, at which Plaintiff appeared with counsel, and Plaintiff and his mother testified. (Tr. 35-65).

By written decision dated November 19, 2009, the ALJ found that during the relevant

time period, Plaintiff had the following severe impairments: asthma; obesity; obsessive compulsive disorder; anxiety; and depression. (Tr. 73). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 73). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently; the claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday; the claimant is to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation; the claimant can understand, remember, and carry out simple, routine, and repetitive tasks; the claimant can respond appropriately to supervisors and usual work situations; the claimant can have occasional contact with co-workers and can have no contact with the general public; the claimant can perform low-stress work (occasional decision making and occasional changes in work place settings).

(Tr. 74). With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform other work, such as bottling line attendant; machine tender; and poultry eviscerator. (Tr. 77).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 25, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed briefs and this case is before the undersigned pursuant to the consent of the parties. (Docs.5, 7, 8).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**IV.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, while the Plaintiff did not raise the issue in this appeal, the Court is concerned that when addressing the Medical Source Statement completed by Diane H. Lyddon,

MNSC, APN, of Ozark Guidance Center, Inc., the ALJ gave her statement "little, if any, weight, as this person is not an acceptable medical source. *See* 20 CFR 404.1527)." (Tr. 76).

Plaintiff saw Ms. Lyddon at least seventeen times between 2004 and 2009, more than Dr. Joel Price or Dr. Mark Baltz, with the Ozark Guidance Center, Inc. In addition, Plaintiff's most recent visits to Ozark Guidance Center, Inc. in 2009, were with Ms. Lyddon. On October 17, 2008, Ms. Lyddon reported that Plaintiff continued to struggle with depression and with his compulsions. (Tr. 328). On December 11, 2008, Ms. Lyddon reported that Plaintiff had two "panicky episodes" since their last visit. (Tr. 326). On March 19, 2009, Ms. Lyddon reported that Plaintiff's mood was "pretty good" and that Plaintiff felt that the Citalopram and Risperdal he was taking were very beneficial. (Tr. 360). On May 21, 2009, Ms. Lyddon reported that Plaintiff was quite discouraged about school, that he had never been able to hold a job more than three months, that he was unable to conform to a work environment, and that any kind of stress caused him to "shut down" and then he had panic attacks. (Tr. 362). In Ms. Lyddon's Medical Source Statement of Ability to do Work-Related Activities (Mental), dated May 21, 2009, she found that Plaintiff had marked restrictions in interacting appropriately with the public; in responding appropriately to work pressures in a usual work setting; and in responding appropriately to changes in a routine work setting. (Tr. 365).

In making his assessment, the ALJ relied upon the opinions of non-examining consultant, Dr. Kay M. Gale (Tr. 276-293); one-time examining physician Dr. C.R. Magness (Tr. 303-309); and non-examining consultant, Dr. Ronald Crow (Tr. 76, 314-321). None of these physicians had as extensive of a relationship with Plaintiff as Ms. Lyddon.

The Eighth Circuit has held that in certain circumstances, the ALJ *may* give the opinion

AO72A
(Rev. 8/82)

of a non-acceptable medical source greater weight than to the opinion of an "acceptable medical source." Van Vickle v. Astrue, 539 F.3d 825, 829 (8th Cir. 2008). In Van Vickle, the Court discussed a report of an occupational therapist, who took a different view than Plaintiff's treating physicians. Although the Court found it appropriate for the ALJ to give more weight to Plaintiff's treating physicians, it also noted that there was no evidence that the occupational therapist saw Plaintiff more than once. Id.

In the present case, Ms. Lyddon had an ongoing relationship with Plaintiff over a period of four years, and saw Plaintiff at least seventeen times. Although the ALJ did reference Ms. Lyddon's medical source statement in his opinion, he stated that he gave it little, if any, weight, based upon the fact that she was not an "acceptable medical source." In Farstad v. Astrue, 2009 WL 2432363 (8th Cir. 2009), the Court upheld the ALJ's rejection of a nurse practitioner's opinion, because the ALJ explained why he found her opinion "inconsistent with the medical evidence and with the record as a whole." Id. at *1. The Court does not believe that in the case now before it, the ALJ sufficiently explained why he gave Ms. Lyddon's statement little, if any, weight.

Based upon the foregoing, the Court believes this matter should be remanded in order for the ALJ to reconsider Ms. Lyddon's statements, and if he again decides to give her statements little, if any weight, to give more specific reasons for his decision. The ALJ may also want to consider obtaining a Mental RFC Assessment from a treating mental health expert.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

      ORDERED this 14th day of May, 2012.

                                                /s/ *Erin L. Setser*
                                                HON. ERIN L. SETSER
                                                UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)